Christopher M. Schierloh
CASEY & BARNETT, LLC
65 West 36th Street, 9th Floor
New York, NY 10018
(212) 286-0225
Attorneys for Plaintiff

**14 CV 2789**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ZAYO GROUP, LLC.,

        Plaintiff,                              **14 Civ.**

   - against -
                                                  **COMPLAINT**

SPEED CONNECT, LLC,

        Defendant.
---------------------------------------------------------------X

Plaintiff, ZAYO GROUP, by its attorneys, CASEY & BARNETT, LLC, as and for its Complaint alleges upon information and belief as follows:

### JURISDICTION

1.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1332 (a)(1), in that this case presents a controversy between citizens of different states in which the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

### PARTIES

2.     Plaintiff, Zayo Group, is a foreign limited liability company authorized to do business in the State of New York, with a place of business located at 111 8th Avenue, New York, New York, and was the provider of leased fiber and internet bandwidth services to the defendant, as more fully described below.

3. Defendant Speed Connect, LLC ("Speed Connect" or "defendant") is a Limited Liability Company with its principal place of business located at 455 North Main Street, Frankenmuth, Michigan.

## RELEVANT FACTS

4. Zayo is, and was, a facilities-based provider of technologically advanced, high bandwidth, fiber optic communications infrastructure, and related services, to communications carriers. Zayo also provides high bandwidth Internet connectivity, co-location services, and a comprehensive Internet infrastructure management solution that includes design and architecture, hardware and software, installation, and ongoing management.

5. Upon information and belief, the defendant is, and was engaged in the business of providing high speed broadband internet and phone services to its customers.

6. On or about April 29, 2012 and October 29, 2012, defendant, Speed Connect, executed Zayo Service Order Forms numbered 297381, 297378, 287048 and 325583 for the provision of ethernet and point to point internet and communication services to Speed Connect for a term of 60 months. (Hereinafter "the Service Orders").

7. The aforementioned Service Orders incorporated the terms of the Master Service Agreement (MSA) which sets forth the terms, conditions, and framework under which Plaintiff would provide the requested services and necessary equipment.

8. Plaintiff provided the services and equipment as set forth in the Service Orders and MSA.

9. On or about October 29, 2013, prior to the expiration dates of the Service Orders, and without just cause, Defendant, Speed Connect, advised Plaintiff that it was terminating its use of Plaintiff's services.

10.     Pursuant to the terms and conditions of the aforementioned Service Orders and MSA, the Defendant is responsible to Plaintiff for the payment of services rendered, and for the payment of early termination charges for cancelling its contractual obligations prior to the end of the service terms.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

11.     Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 10, as if herein set forth at length.

12.     The MSA and Service Orders constituted binding contracts supported by good and valuable consideration.

13.     Plaintiff rendered material performance of its duties and obligations under the MSA and Service Orders; satisfied or discharged all conditions precedent (if any) to defendant's performance under the MSA and Service Orders; and, therefore, was and is entitled to defendant's full and complete performance under the MSA and Service Orders.

14.     By virtue of the Defendant's material breach/termination of the MSA and Service Orders, defendant is liable to Plaintiff in the amount of at least $965,491.69 plus pre-judgment and post-judgment interest, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

15.     Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 14, as if herein set forth at length.

16.     Plaintiff rendered invoices, account statements, and/or notices to defendant reflecting the charges due and owing from Defendant to Plaintiff.

17.  The invoices, account statements, and/or notices which Plaintiff delivered to defendant established an account stated.

18.  Accordingly, there is due and owing from defendant to Plaintiff the sum of at least $965,491.69, plus pre-judgment and post-judgment interest, no part of which has been paid despite due demand.

**WHEREFORE**, Plaintiff prays:

1.  That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2.  That judgment may be entered in favor of plaintiff against defendant in the amount of $965,491.69, plus pre and post judgment interest;

3.  That this Court order defendant to pay plaintiff's costs and disbursements of this action, including but not limited to attorney's fees; and

4.  That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated:   New York, New York
         April 17, 2014

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff

                                  By:   _____
                                        Christopher M. Schierloh
                                        65 West 36th Street, 9th Floor
                                        New York, NY 10018
                                        (212) 286-0225